**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| PAULETTE CAMPBELL and WILLIAM MCLEAN, | : | |
| Plaintiffs, | : | |
| v. | : | CIVIL ACTION NO. 1:14-CV-1289-RWS |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | : | |
| Defendant. | : | |

**ORDER**

On May 5, 2014, Magistrate Judge Janet F. King entered an Order [2] permitting Plaintiffs to proceed *in forma pauperis* in this action. The case was then referred to the undersigned for a frivolity determination and for review of Plaintiffs' request for emergency injunctive relief. After reviewing the record, the Court enters the following Order.

**Discussion**

After filing their initial Complaint [3], Plaintiffs filed a Motion to Vacate and Set Aside Illegal Foreclosure and Dispossessory and Declaratory Relief [4] on May 7, 2014. The motion appears to function as an Amended Complaint and

names Deutsche Bank National Trust Company ("Deutsche Bank") and Aldridge Conners, LLP as Defendants. For the purposes of this frivolity review, the Court will treat the Motion to Vacate [4] as an Amended Complaint and will consider the allegations therein. Plaintiffs bring claims for (1) illegal foreclosure sale, (2) illegal dispossession and writ of possession, (3) violation of the Fair Debt Collection Practices Act ("FDCPA"), and (4) unfair and deceptive practices.

## I. Frivolity Determination

Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carrol v. Gross, 984 F.2d 393, 393 (11th Cir. 1993).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to



AO 72A
(Rev.8/82)

relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Because Plaintiffs are proceeding *pro se*, their "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010).

First, the Court construes Plaintiffs' first two claims as claims for wrongful foreclosure and wrongful eviction. Both are premised on their allegations that Deutsche Bank does not hold the note, and that the "note was not properly endorsed through the chain of title to Deutsche Bank." (Mot. to Vacate, Dkt. [4] ¶ 14.) Because "Defendant failed to effectively transfer and properly sign the note," Plaintiffs argue, it lacked standing to foreclose on their property. (Id. ¶ 16.) Plaintiffs make clear that their wrongful eviction claim is premised entirely on their wrongful foreclosure claim, as the "illegal



AO 72A
(Rev.8/82)

dispossessory and writ of possession piggy-backed upon [Deutsche Bank] having no legal standing to foreclose." (Dkt. [4] ¶ 21.)

Under Georgia law, it does not matter whether Deutsche Bank held the note because a party in possession of the *security deed* may foreclose even when that party does not also possess the note. See You v. JP Morgan Chase Bank, 743 S.E.2d 428, 433 (Ga. 2013) ("[T]he deed holder possesses full authority to exercise the power of sale upon debtor's default, regardless of its status with respect to the note."). Plaintiffs make no allegations with respect to the security deed, and so Plaintiffs' legal theory that Deutsche Bank was not entitled to foreclose because it did not hold the note is indisputably meritless. Finally, to the extent that Plaintiffs challenge the validity of an assignment to which they were not a party, Plaintiffs lack standing to maintain such a challenge under Georgia law. See Montgomery v. Bank of Am., 740 S.E.2d 434, 438 (Ga. Ct. App. 2013) (third-party mortgagor lacks standing to contest validity of an assignment). Accordingly, Plaintiffs' claims for wrongful foreclosure and wrongful eviction are frivolous.

Plaintiffs also allege that by foreclosing without legal standing, Defendants "violated the provision[s] of UDAP," or unfair and deceptive acts



AO 72A
(Rev.8/82)

and practices. (Id. ¶¶ 29-31.) Plaintiffs also request statutory damages for these violations. (Id. at 6.) However, Plaintiffs cite no relevant statutes, and the Court is unable to find any authority to support this claim. Because UDAP is not a statute or cause of action, this claim is also without any legal merit.

Finally, Plaintiffs allege that Defendants violated the FDCPA (Dkt. [4] ¶¶ 25-27), but they fail to allege enough facts to permit the Court to conduct a frivolity review of this claim. For example, Plaintiffs allege that Defendants used "unfair and unconscionable means to collect the debt owed by the Plaintiff, including the collecting and attempting to collect of interest and other charges, fees and expenses not authorized by the original Loan Agreement." (Id. ¶ 25.) But Plaintiffs do not allege particular facts—such as what the fees were or when they were charged—to support these assertions. Nor do Plaintiffs explain what "other action prohibited by law" Defendants threatened to take. (Id. ¶ 27.) Because the Court cannot determine the merits of this claim at this time, Plaintiffs are **ORDERED** to file an Amended Complaint as to the FDCPA claim that meets the pleading standards of Iqbal and Twombly within 14 days of the entry of this Order. Failure to timely file the Amended Complaint will result in dismissal of this action pursuant to Local Rule 16.5 for failure to obey

a court order.

## II. Injunctive Relief

Plaintiffs also request emergency injunctive relief. To be entitled to a preliminary injunction, the moving party must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury to the movant outweighs the damage to the opposing party; and (4) granting the injunction would not be adverse to the public interest. Four Seasons Hotels & Resorts v. Consorcio Barr, 320 F.3d 1205, 1210 (11th Cir. 2003). "The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites." United States v. Jefferson Cnty., 720 F.2d 1511, 1518 (11th Cir. 1983) (quoting Canal Auth. v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974)).

The Court finds that Plaintiffs have not shown a substantial likelihood of success on their claims, as several of them are legally meritless. And while the Court cannot make a frivolity determination of Plaintiffs' FDCPA claim at this time, Plaintiffs offer no indication that any FDCPA violations pose a substantial threat of irreparable injury. Therefore, Plaintiffs are not entitled to the

extraordinary remedy of a preliminary injunction. Plaintiffs' request [3, 4] is accordingly **DENIED**.

**Conclusion**

For the foregoing reasons, Plaintiffs' request for emergency relief [3, 4] is **DENIED**, and Plaintiffs' claims for wrongful foreclosure, illegal dispossessory and writ of possession, and unfair and deceptive practices are hereby **DISMISSED**. However, Plaintiffs are **ORDERED** to file an Amended Complaint that incorporates additional factual allegations to support their Fair Debt Collection Practices Act claims within fourteen (14) days of the date of entry of this order. The Court will then make a frivolity determination as to the FDCPA claims at that time. Failure to file an Amended Complaint within fourteen (14) days will result in dismissal of this action pursuant to Local Rule 16.5 for failure to obey a court order.

As this case contains a claim under the Fair Debt Collection Practices Act, this case is **REFERRED** to the next available Magistrate Judge for further proceedings. The Clerk is **DIRECTED** to change the cause of action on the docket to reflect that this is a Fair Debt Collection Practices Act, 15 U.S.C. § 1692, action.



AO 72A
(Rev.8/82)

**SO ORDERED**, this __13th__ day of June, 2014.

**RICHARD W. STORY**
United States District Judge



AO 72A
(Rev.8/82)